JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ronald DiCola

**DEFENDANTS**

Robert Bosch Tool Corporation

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jason E. Fine, Esquire, J. Fine Law Group, Eight Penn Center, 1628 JFK Blvd., Ste. 2120, Philadelphia, PA, 19103, 267-888-2960

Attorneys *(If Known)*

Stephen A. Sheinen, Esquire, Goldberg Segalla LLP, 1700 Market St., Suite 1418, Philadelphia, PA 19103, 267-519-6834

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  in excess of $50,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  3/9/2020

SIGNATURE OF ATTORNEY OF RECORD   *Stephen A. Sheinen*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 530 Fairhill Road, Hatfield, PA 19440 _____

Address of Defendant: _____ 1800 West Central Road, Mount Prospect, IL 60056 _____

Place of Accident, Incident or Transaction: _____ Philadelphia County, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/20/2020    _Stephen Andrew Kreimer_    61993
                                 *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*        **B.**   *Diversity Jurisdiction Cases:*

| | |
|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☑ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____    Sign here if applicable _____    _____
                                 *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ronald DiCola | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Robert Bosch Tool Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     .                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 3/9/2020 | Stephen A. Sheinen | Defendant, Robert Bosch Tool Corporation |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-519-6834 | 267-519-6801 | ssheinen@goldbergsegalla.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DICOLA, | : |
| | :   NO. |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : |
| | : |
| ROBERT BOSCH TOOL | : |
| CORPORATION, | : |
| | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## NOTICE OF REMOVAL AND COPIES OF
## ALL PROCESS AND PLEADINGS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Robert Bosch Tool Corporation ("RBTC") submits the following Notice of Removal from the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, the Court in which the above-referenced matter is now pending, to the United States District Court for the Eastern District of Pennsylvania.  In support of its Notice of Removal, RBTC states as follows:

1.      This action arises out of an alleged November 13, 2017 incident where Plaintiff, Ronald DiCola, contends he sustained personal injuries while using a table saw allegedly designed and manufactured by RBTC (*See* Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit "A.")

2.      Plaintiff commenced this action on November 12, 2019 by filing a Praecipe to Issue Writ of Summons in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, November Term 2019, bearing docket number 1427 (*See* Exhibit "B").

3.      Pursuant to 28 U.S.C. § 1446(a), RBTC attaches copies of all process, pleadings and orders served upon it, including a true and correct copy of Plaintiffs' Complaint, dated February 20, 2020. (*See* Exhibit "C").

**Timeliness of Removal**

4.      RBTC was served with the Complaint on February 20, 2020.

5.    This Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Complaint, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

## Amount in Controversy

6.    A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

7.    "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Johnson v. Costco Wholesale*, 1999 WL 740690 at 3 (E.D. Pa. Sept 22, 1999) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142,146 (3rd Cir. 1993)). *See also, Marie v. Sears Auto Repair CM*, 2011 WL 198465 (ED. Pa. Jan. 20, 2011) (Court refused to remand where Plaintiff demanded an amount "in excess of $50,000").

8.    Here, Plaintiff claims that he suffered serious and permanent injuries, including "nerve and ligament damage to right hand/wrist requiring surgery, serious and severe scarring of the

3

right hand, limited range of motion of the right hand/wrist...." (*Id.* at ¶¶6 and 12).

9.    In Plaintiff's Complaint, he demanded an amount in excess of $50,000, the arbitration limit in Pennsylvania. *See* 42 Pa.C.S. § 7361(b)(2); *See also*, Exhibit "A".

10.    In Plaintiff's Case Management Conference Memorandum, Plaintiff's counsel demanded $800,000.00. (*See* Exhibit "D").

11.    Accordingly, based on a reasonable reading of the rights being litigated, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship

12.    According to the Complaint, Plaintiff resides at 530 Fairhill Road, Hatfield, Pennsylvania 19440. (*See* Exhibit "A" at ¶1). Therefore, it is presumed that Plaintiff is a citizen of Pennsylvania.

13.    Defendant RBTC is a Delaware corporation with a principal place of business in Illinois.

4

14.     Pursuant to 28 U.S.C. § 1332 (c)(1), diversity exists because Plaintiff is a citizen of Pennsylvania and RBTC is a citizen of Delaware and Illinois.

**Plea for Removal**

15.     28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

16.     There is diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. §1441.

17.     No properly joined defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. §1441(b)(2).

18.     Since the Philadelphia County Court of Common Pleas

5

is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

19.   Written notice is being given to all parties and to the Prothonotary of the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia that this Notice of Removal is being filed with this Court.

**WHEREFORE**, Defendant, Robert Bosch Tool Corporation, respectfully requests that the entire state court action under November Term 2019 Docket No.1427, currently pending in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, be removed to this Court for all further

proceedings.

**GOLDBERG SEGALLA, LLP**

BY: _Stephen A. Sheinen_

ROBERT M. COOK, ESQUIRE
(T)  609-986-1300
(F)  609-986-1301
STEPHEN A. SHEINEN, ESQ.
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(T) 267-519-6800
(F) 267-519-6801
***Attorneys for Defendant***
***Robert Bosch Tool Corporation***

Date: 3/9/2020

7

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen A. Sheinen, hereby certify that this 9th day of

March 2020, a true and correct copy of the foregoing Notice of

Removal was served via Federal Express and the Court's ECF

System upon the following:

Jason E. Fine, Esquire
Michelle Mall, Esquire
J. Fine Law Group, P.C.
1628 John F. Kennedy Boulevard, Suite 2120
Philadelphia, PA 19103
*Attorneys for Plaintiff*

GOLDBERG SEGALLA LLP

BY: *Stephen a. Sheinen*

*ROBERT M. COOK, ESQUIRE*
*STEPHEN A. SHEINEN, ESQUIRE*
**Attorneys for Defendant**
**Robert Bosch Tool Corporation**

Date: 3/9/2020

8

# EXHIBIT A

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff
Ron DiCola

*[stamp: Filed and Attested by the Office of Judicial Records 20 FEB 2020 04:39 pm K. HUDSON]*

| | | |
|---|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| | : | NOVEMBER TERM, 2019 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.:  191101427 |
| **ROBERT BOSCH TOOL**<br>**CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056 | : | MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |
| | : | |
| Defendant. | : | |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
One Reading Center, 1101 Market Streets, Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Referencia E Informacion Legal
One Reading Center, 1101 Market Streets, Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 191101427

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff,
Ron DiCola

| | | |
|---|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | NOVEMBER TERM, 2019 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.: 191101427 |
| **ROBERT BOSCH TOOL<br>CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056 | : | MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – 2P – PRODUCTS LIABILITY

1.     Plaintiff, Ronald DiCola, is an adult individual, residing at the above-captioned address.

2.     Defendant, Robert Bosch Tool Corporation, is a corporation existing, operating, and doing business under the laws of the Commonwealth of Pennsylvania which maintains its principal place of business at the above-captioned address.

3.     Defendant regularly does business in the Commonwealth of Pennsylvania and in the County of Philadelphia.

4.     Prior to and including November 13, 2017, Defendant was regularly engaged in the

Case ID: 191101427

business of designing, manufacturing, selling, distributing, installing, setting up and servicing table saws with plastic push sticks.

5.      Defendant designed, manufactured, sold and placed into the stream of commerce a Bosch table saw with plastic push sticks model # GTS 1031.

6.      On or about November 13, 2017, Plaintiff, Ronald Dicola, was pushing wood with the plastic push stick through the table saw. As Plaintiff was pushing the wood through the table saw, the plastic push stick hit the table saws blade causing the plastic push stick to shatter causing plaintiff to sustain serious and permanent injuries more fully set forth herein.

7.      At all times relevant hereto, the subject table saw with plastic push stick was being used for purposes for which this machine was designed, manufactured, redesigned, modified, altered and/or changed by Defendant.

8.      At all relevant times hereto, Defendant acted by and through its agents, work persons, employees and/or servants then and there acting within the course and scope of their authority, duties and/or employment for Defendant.

## COUNT I - NEGLIGENCE
### RONALD DICOLA V. ROBERT BOSCH TOOL CORPORATION

9.      Plaintiff, incorporates herein, by reference thereto, all previous paragraphs as though same were set forth at length herein.

11.     The aforesaid accident was caused by the negligence, carelessness and/or recklessness of Defendant, acting as aforesaid, which negligence, carelessness and/or recklessness consisted, inter alia, of the following:

(a)     failing to properly design, develop, test, manufacture, fabricate, assemble, distribute and sell the subject Bosch table saw and plastic push stick;

(b)     negligently manufacturing, fabricating, assembling and/or designing the subject Bosch table saw and plastic push stick;

(c)     failing to incorporate on the subject Bosch table saw and plastic push stick proper and adequate safety measures for the product's foreseeable and intended        uses and foreseeable misuses;

(d)     failing to provide proper and adequate training regarding the operation, use and safety of the subject Bosch table saw and plastic push stick;

(e)     failing to properly and adequately test and inspect the subject Bosch table saw and        plastic push stick machine to determine whether it could be used   without injuring its foreseeable users and operators;

(f)     failing to provide adequate warnings, instructions, and directions regarding the safe use, operation, maintenance and servicing of the subject Bosch table saw and plastic push stick;

(g)     issuing inadequate or incorrect instructions or warnings relative to the use and maintenance of the subject Bosch table saw and plastic push stick machine;

(h)     failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and foreseeable misuses of the subject Bosch table saw and plastic push stick;

(i)     failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject Bosch table saw and plastic push stick;

(j)     failing to equip and/or redesign the subject Bosch table saw and plastic push stick   with necessary safety features;

(k)     failing to timely and properly inspect the subject Bosch table saw and plastic push   stick under the circumstances, both known and knowable to Defendant;

(l)     failing to make, require or recommend reasonable and necessary modifications to the subject Bosch table saw and plastic push stick under the circumstances;

(m)     failing to conduct adequate studies, tests and field inspections;

(n)     conducting inadequate studies, tests and field inspections;

(o)     failing to provide every element necessary to make this product      safe for its reasonably foreseeable uses and foreseeable misuses;

(p)     failing to properly equip the subject Bosch table saw and plastic push stick with    proper failsafe devices, guards or other components, which would prevent injury to the machine's operators and users;

(q)     failing to properly equip the subject Bosch table saw and plastic push stick with    the appropriate interlock device, which would prevent injury to the machine's operators and users;

(r)     failing to provide adequate guarding and other safety measures for the subject Bosch table saw and plastic push stick;

(s)     failing to properly train and instruct Plaintiff on the safe use and operation of the subject Bosch table saw and plastic push stick after it was designed and      manufactured by the Defendant;

(t)     failing to utilize proper and/or adequate materials and components in   the manufacture, assembly, repair and/or rebuilding of the subject Bosch table

saw and plastic push stick;

(u)    failing to discover or take the proper steps and measures to discover the existence of a dangerous, defective or hazardous condition in the subject Bosch table saw and plastic push stick;

(v)    failing to redesign and/or install proper and suitable safety devices;

(w)    failing to include necessary, reasonable, appropriate and proper devices in the design, fabrication, manufacture, assembly, distribution, lease and/or sale of the subject Bosch table saw and plastic push stick;

(x)    failing to timely institute a recall and/or inspection program to determine the existence and/or degree of product defect;

(y)    failing to timely or properly recall, repair or modify the subject Bosch table saw and plastic push stick to remedy defective or inadequate conditions, components or assemblies of same;

(z)    improperly designing the subject Bosch table saw such that there was access to unguarded moving parts;

(aa)    failing to use competent personnel, agents, servants, workmen, employees, contractors and/or subcontractors to design, fabricate, manufacture, install and assemble the subject Bosch table saw and plastic push stick and/or its assembly and/or its components;

(bb)    failing to maintain proper and adequate quality control or assurance procedures, inspections and/or monitoring in regard to the design, development, manufacture, assembly, installation, distribution, lease or sale of the subject Bosch table saw and plastic push stick and/or its components;

(cc)    failing to properly and adequately warn Plaintiff of the dangers of the defective subject Bosch table saw and plastic push stick which Defendant knew or in the exercise of due care should have known existed;

(dd)    failing to timely or properly advise or notify foreseeable users of the subject Bosch table saw and plastic push stick not to use same under certain circumstances and conditions;

(ee)    failing to notify customers or users of the subject Bosch table saw and plastic push stick that same is dangerous and to expect hazards such as were involved in Plaintiff's incident;

(ff)    failing to comply with industry, local, state and/or federal standards, regulations, rules, ordinances and/or statutes concerning or pertinent to the design, manufacture, assembly, sale, lease and/or distribution of said Bosch table saw and plastic push stick and its component parts under the circumstances;

(gg)    such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery; and

(hh)    doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

Case ID: 191101427

12.     As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system,  including, but not limited to: nerve and ligament damage to right hand/wrist requiring surgery, serious and severe scarring of the right hand, limited motion of the right hand/wrist, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

13.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

14.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

15.     As a further result of the said accident, Plaintiff has incurred medical expenses, including medical bills that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

16.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

17.    As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Ronald DiCola, demands judgment in his favor and against Defendant, Robert Bosch Tool Corporation, for compensatory damages in excess of fifty-thousand dollars ($50,000) together with interest and costs of suit.

## COUNT II – STRICT LIABILITY
## RONALD DICOLA V. ROBERT BOSCH TOOL CORPORATION

18.    Plaintiff, incorporates herein, by reference thereto, all previous paragraphs as though same were set forth at length herein.

19.    The subject Bosch table saw with plastic push sticks model # GTS 1031 was defective and in an unsafe condition when it left control of Defendant and was unsafe for its reasonably foreseeable and intended uses.

20.    The subject Bosch table saw with plastic push sticks model # GTS 1031 was not equipped with every element necessary to make it safe for its reasonably foreseeable and intended uses when sold by Defendant.

21.    The subject Bosch table saw with plastic push sticks model # GTS 1031 was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania law and Section 402A of the Restatement (Second) of Torts.

22.    The subject Bosch table saw with plastic push sticks model # GTS 1031 was in a defective and unsafe condition because it was not equipped with guarding and/or other physical barrier safety devises that prevent access to the moving parts of the machine.

23.    The subject Bosch table saw with plastic push sticks model #GTS 1031 was not equipped with every element necessary to make it safe for its reasonably foreseeable and intended uses when placed into the stream of commerce by Defendant and sold to Plaintiff's brother.

Case ID: 191101427

24.     As a direct and proximate result of the defective condition of the subject Bosch table saw with plastic push sticks model #GTS 1031, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not limited to: nerve and ligament damage to right hand/wrist requiring surgery, serious and severe scarring of the right hand, limited motion of the right hand/wrist, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

25.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

26.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

27.     As a further result of the said accident, Plaintiff has incurred medical expenses, including medical bills that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

28.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

29.     As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Ronald DiCola, demands judgment in his favor and against Defendant, Robert Bosch Tool Corporation, for compensatory damages in excess of fifty-thousand dollars ($50,000) together with interest and costs of suit.

**J. FINE LAW GROUP, P.C.**

BY:     */s/ Jasone E. Fine*
        JASON E. FINE, ESQUIRE
        MICHELLE MALL, ESQUIRE
        Attorneys for Plaintiff

Dated:  February 20, 2020

Case ID: 191101427

## VERIFICATION

I, Jason E. Fine, Esquire, hereby verify that I am counsel for plaintiff, and herein states that the statements in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I am making this Verification on behalf of plaintiff. I acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

/s/ Jason E. Fine
JASON E. FINE, ESQUIRE

Case ID: 191101427

# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

NOVEMBER 2019                    001427

| | |
|---|---|
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| RONALD DICOLA | ROBERT BOSCH TOOL CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 530 FAIRHILL ROAD<br>HATFIELD PA 19440 | 1800 WEST CENTRAL ROAD<br>MOUNT PROSPECT IL 60056 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY          COURT PROGRAMS

☐ $50,000.00 or less    ☐ Arbitration    ☐ Mass Tort        ☐ Commerce           ☐ Settlement
☒ More than $50,000.00  ☐ Jury           ☐ Savings Action   ☐ Minor Court Appeal ☐ Minors
                        ☒ Non-Jury       ☐ Petition         ☐ Statutory Appeals  ☐ W/D/Survival
                        ☐ Other

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

NOV 12 2019

**A. SILIGRINI**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES            NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RONALD DICOLA

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JASON E. FINE | ADDRESS<br>J FINE LAW GROUP, LLC<br>1628 JFK BOULEVARD<br>SUITE 2120 |
| PHONE NUMBER            FAX NUMBER<br>(267)888-2960          (267)687-7018 | |
| SUPREME COURT IDENTIFICATION NO<br>82452 | E-MAIL ADDRESS<br>filings@jfinelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JASON FINE | DATE SUBMITTED<br>Tuesday, November 12, 2019, 04:07 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff
Ron DiCola

| | | |
|---|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | NOVEMBER TERM, 2019 |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: |
| | : | |
| **ROBERT BOSCH TOOL<br>CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056 | : | MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## <u>PRAECIPE TO ISSUE WRIT OF SUMMONS</u>

TO THE PROTHONOTARY:

    Kindly issue the attached Writ of Summons against all named Defendant in the above captioned matter.

                             /s/ _____
                             JASON E. FINE, ESQUIRE
                             MICHELLE MALL, ESQUIRE
                             Attorneys for Plaintiff

Date:  November 12, 2019

Case ID: 191101427

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Ronald Dicola
_____
*Plaintiff*

vs.

Robert Bosch Tool Corporation
_____
*Defendant*

COURT OF COMMON PLEAS

_____Term, 20ⁱ⁹____

No._____

To¹

Robert Bosch Tool Corporation
_____

1800 West Central  Road
_____

Mount Prospect, IL 60056
_____

# Writ of Summons

You are notified that the Plaintiff²
*Usted esta avisado que el demandante*

Ronald Dicola
_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Record*

By: _____

Date:_____



10-208 (Rev. 6/14)
_____
¹ Name(s) of Defendant(s)
² Name(s) of Plaintiff(s)

Case ID: 191101427

# Court of Common Pleas

_____ Term, 20 _____

No. _____

Ronald Dicola
*Plaintiff*

vs.

Robert Bosch Tool Corporation
*Defendant*

# SUMMONS

Case ID: 191101427

# EXHIBIT C

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **NOVEMBER 2019** |
| E-Filing Number: 1911026110 |
| **001427** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RONALD DICOLA | ROBERT BOSCH TOOL CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 530 FAIRHILL ROAD<br>HATFIELD PA 19440 | 1800 WEST CENTRAL ROAD<br>MOUNT PROSPECT IL 60056 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>NOV **12** 2019<br>**A. SILIGRINI** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>RONALD DICOLA</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JASON E. FINE | J FINE LAW GROUP, LLC<br>1628 JFK BOULEVARD<br>SUITE 2120 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)888-2960 | (267)687-7018 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82452 | filings@jfinelaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JASON FINE | Tuesday, November 12, 2019, 04:07 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff,
Ron DiCola

*Filed and Attested by the Office of Judicial Records 12 NOV 2019 04:07 pm*

| | |
|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | NOVEMBER TERM, 2019 |
| v. | NO.: |
| **ROBERT BOSCH TOOL<br>CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056 | MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |
| Defendant. | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Kindly issue the attached Writ of Summons against all named Defendant in the above captioned matter.

/s/ _____
JASON E. FINE, ESQUIRE
MICHELLE MALL, ESQUIRE
Attorneys for Plaintiff

Date:  November 12, 2019

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Ronald Dicola
_____
*Plaintiff*

          vs.

Robert Bosch Tool Corporation
_____
*Defendant*

COURT OF COMMON PLEAS

_____Term, 20 19

No._____

To[1]

Robert Bosch Tool Corporation
_____

1800 West Central  Road
_____

Mount Prospect, IL 60056
_____

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Ronald Dicola
_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

10-208 (Rev. 6/14

_____
[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 191101427

# Court of Common Pleas

_____ Term, 20 _____

No. _____

Ronald Dicola
*Plaintiff*

vs.

Robert Bosch Tool Corporation
*Defendant*

# SUMMONS

## AFFIDAVIT OF SERVICE

| Case:<br>191101427 | Court:<br>Philadelphia Court of Common Pleas | County:<br>Philadelphia |
|---|---|---|
| Plaintiff / Petitioner:<br>Ronald Dicola | | Defendant / Respondent:<br>Robert Bosch Tool Corporation |
| Received by:<br>Legal-Ease Enterprises | | For:<br>J. Fine Law Group, LLC |
| To be served upon:<br>Robert Bosch Tool Corporation | | |

*Filed and Attested by the Office of Judicial Records 25 NOV 2019 09:57 am E. IMPERATO*

I, Nadia Tursi, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    Robert Bosch Tool Corporation, Company: 1800 W Central Rd, Mount Prospect, IL 60056

Manner of Service:          Mail, Nov 20, 2019, 7:41 am EST

Documents:                 Cover Sheet, Writ of Summons

Additional Comments:
1) Successful Attempt: Nov 20, 2019, 7:41 am EST at Company: 1800 W Central Rd, Mount Prospect, IL 60056 received by Robert Bosch Tool Corporation.
Certified mail. See the attached.

_____          11/25/2019
Nadia Tursi                               Date

Legal-Ease Enterprises
6137 Mulberry Street, #1
Philadelphia, PA 19135

Case ID: 191101427



| OUTBOUND TRACKING NUMBER | FEES | |
|---|---|---|
| 9414 7118 9956 1329 8600 01 | | |
| RETURN RECEIPT TRACKING NUMBER | Postage per piece | $1 150 |
| 9490 9118 9956 1329 8600 98 | Certified Fee | $3 500 |
| | Return Receipt Fee | $2 800 |
| | Total Postage & Fees: | $7 450 |

ARTICLE ADDRESS TO

Robert Bosch Tool Corporation
1800 W Central Rd
Mount Prospect IL 60056-2230

Postmark
Here

---

**SENDER: COMPLETE THIS SECTION**

- Ensure Items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Bosch Tool Corporation
1800 W Central Rd
Mount Prospect IL 60056-2230

9490 9118 9956 1329 8600 98

2. Article Number (Transfer from service label)
9414 7118 9956 1329 8600 01

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent )

X

B. Received By: (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type

☑ Certified Mail

Domestic Return Receipt

Case ID: 191101427

**GOLDBERG SEGALLA LLP**
**BY:  ROBERT M. COOK, ESQUIRE**
**ATTORNEY ID NO:  80290**
**BY: STEPHEN A. SHEINEN, ESQUIRE**
**ATTORNEY ID NO:  61993**
**PO BOX 360, BUFFALO, NY 14201**
**1700 MARKET STREET, SUITE 1418**
**PHILADELPHIA, PA 19103-3907**
T:  267.519.6800
F:  267.519.6801
Email:  rcook@goldbergsegalla.com
　　　ssheinen@goldbergsegalla.com

**Attorneys for Defendant**
**Robert Bosch Tool Corporation**

*Filed and Attested by the Office of Judicial Records 06 FEB 2020 02:58 pm A. RUSSO*

| | | |
|---|---|---|
| RONALD DICOLA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　V.<br><br>ROBERT BOSCH TOOL CORPORATION,<br><br>　　　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>NOVEMBER TERM, 2019<br><br>NO.:  01427 |

## ENTRY OF APPEARANCES AND JURY DEMAND

TO THE PROTHONOTARY:

　　　Kindly enter the appearances of Stephen A. Sheinen, Esquire and Robert M.

Cook, Esquire on behalf of Defendant, Robert Bosch Tool Corporation, in the above

matter.

　　　A jury trial of twelve (12) jurors is demanded.

　　　　　　　　　　　　　　　　　**GOLDBERG SEGALLA LLP**

　　　　　　　　　　　　　　　　　*/s/ Stephen A. Sheinen*
　　　　　　　　　　　　By:　*ROBERT M. COOK, ESQUIRE*
　　　　　　　　　　　　　　　*STEPHEN A. SHEINEN, ESQUIRE*
　　　　　　　　　　　　　　　***Attorneys for Defendant***
　　　　　　　　　　　　　　　***Robert Bosch Tool Corporation***

Date: 2/6/2020

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2020, a true and correct copy of the within Entry of Appearances and Jury Demand was filed with the Court and served upon the following counsel and parties in the manner outlined below:

### Via the ECF System:

Jason E. Fine, Esquire
Michelle Mall, Esquire
J. Fine Law Group, P.C.
Eight Penn Center, Suite 2120
1628 John F. Kennedy Boulevard
Philadelphia, PA  19103
*Attorneys for Plaintiff*

GOLDBERG SEGALLA LLP

*/s/ Stephen A. Sheinen*

By:   *ROBERT M. COOK, ESQUIRE*
*STEPHEN A. SHEINEN, ESQUIRE*
*Attorneys for Defendant*
*Robert Bosch Tool Corporation*

Date:   2/6/2020

2

25365309.v1

Case ID: 191101427

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff
Ron DiCola

*Filed and Attested by the Office of Judicial Records 20 FEB 2020 04:19 pm A. ROSS*

---

| | | |
|---|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| | : | NOVEMBER TERM, 2019 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.:  191101427 |
| **ROBERT BOSCH TOOL** | : | |
| **CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056 | : | MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |
| | : | |
| Defendant. | : | |

---

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
One Reading Center, 1101 Market Streets, Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.

LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Referencia E Informacion Legal
One Reading Center, 1101 Market Streets, Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 191101427

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff,
Ron DiCola

| | |
|---|---|
| **RONALD DICOLA**<br>530 Fairhill Road<br>Hatfield, PA 19440<br><br>      Plaintiff,<br><br>  v.<br><br>**ROBERT BOSCH TOOL**<br>**CORPORATION**<br>1800 West Central Road<br>Mount Prospect, IL 60056<br><br><br>      Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER TERM, 2019<br><br><br>NO.: 191101427<br><br><br>MAJOR NON-JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUIRED |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – 2P – PRODUCTS LIABILITY

1. Plaintiff, Ronald DiCola, is an adult individual, residing at the above-captioned address.

2. Defendant, Robert Bosch Tool Corporation, is a corporation existing, operating, and doing business under the laws of the Commonwealth of Pennsylvania which maintains its principal place of business at the above-captioned address.

3. Defendant regularly does business in the Commonwealth of Pennsylvania and in the County of Philadelphia.

4. Prior to and including November 13, 2017, Defendant was regularly engaged in the

business of designing, manufacturing, selling, distributing, installing, setting up and servicing table saws with plastic push sticks.

5.      Defendant designed, manufactured, sold and placed into the stream of commerce a Bosch table saw with plastic push sticks model # GTS 1031.

6.      On or about November 13, 2017, Plaintiff, Ronald Dicola, was pushing wood with the plastic push stick through the table saw. As Plaintiff was pushing the wood through the table saw, the plastic push stick hit the table saws blade causing the plastic push stick to shatter causing plaintiff to sustain serious and permanent injuries more fully set forth herein.

7.      At all times relevant hereto, the subject table saw with plastic push stick was being used for purposes for which this machine was designed, manufactured, redesigned, modified, altered and/or changed by Defendant.

8.      At all relevant times hereto, Defendant acted by and through its agents, work persons, employees and/or servants then and there acting within the course and scope of their authority, duties and/or employment for Defendant.

### COUNT I - NEGLIGENCE
### RONALD DICOLA V. ROBERT BOSCH TOOL CORPORATION

9.      Plaintiff, incorporates herein, by reference thereto, all previous paragraphs as though same were set forth at length herein.

11.     The aforesaid accident was caused by the negligence, carelessness and/or recklessness of Defendant, acting as aforesaid, which negligence, carelessness and/or recklessness consisted, inter alia, of the following:

    (a)   failing to properly design, develop, test, manufacture, fabricate, assemble, distribute and sell the subject Bosch table saw and plastic push stick;

    (b)   negligently manufacturing, fabricating, assembling and/or designing the subject Bosch table saw and plastic push stick;

(c)     failing to incorporate on the subject Bosch table saw and plastic push stick proper and adequate safety measures for the product's foreseeable and intended        uses and foreseeable misuses;

(d)     failing to provide proper and adequate training regarding the operation, use and safety of the subject Bosch table saw and plastic push stick;

(e)     failing to properly and adequately test and inspect the subject Bosch table saw and        plastic push stick machine to determine whether it could be used    without injuring its foreseeable users and operators;

(f)     failing to provide adequate warnings, instructions, and directions regarding the safe use, operation, maintenance and servicing of the subject Bosch table saw and plastic push stick;

(g)     issuing inadequate or incorrect instructions or warnings relative to  the use and maintenance of the subject Bosch table saw and plastic push stick machine;

(h)     failing to minimize, to the fullest extent possible, foreseeable hazards and risks of injury associated with the foreseeable uses and foreseeable misuses of the subject Bosch table saw and plastic push stick;

(i)     failing to adequately assess and evaluate the dangers and hazards associated with the foreseeable uses and foreseeable misuses of the subject Bosch table saw and plastic push stick;

(j)     failing to equip and/or redesign the subject Bosch table saw and plastic push stick   with necessary safety features;

(k)     failing to timely and properly inspect the subject Bosch table saw and plastic push   stick under the circumstances, both known and knowable to Defendant;

(l)     failing to make, require or recommend reasonable and necessary modifications to the subject Bosch table saw and plastic push stick under the circumstances;

(m)     failing to conduct adequate studies, tests and field inspections;

(n)     conducting inadequate studies, tests and field inspections;

(o)     failing to provide every element necessary to make this product     safe for its reasonably foreseeable uses and foreseeable misuses;

(p)     failing to properly equip the subject Bosch table saw and plastic push stick with    proper failsafe devices, guards or other components, which would prevent injury to the machine's operators and users;

(q)     failing to properly equip the subject Bosch table saw and plastic push stick with    the appropriate interlock device, which would prevent injury to the machine's operators and users;

(r)     failing to provide adequate guarding and other safety measures for the subject Bosch table saw and plastic push stick;

(s)     failing to properly train and instruct Plaintiff on the safe use and operation of the subject Bosch table saw and plastic push stick after it was designed and    manufactured by the Defendant;

(t)     failing to utilize proper and/or adequate materials and components in   the manufacture, assembly, repair and/or rebuilding of the subject Bosch table

saw and plastic push stick;

(u)  failing to discover or take the proper steps and measures to discover    the existence of a dangerous, defective or hazardous    condition    in    the subject Bosch table saw and plastic push stick;

(v)  failing to redesign and/or install proper and suitable safety devices;

(w)  failing to include necessary, reasonable, appropriate and proper    devices in the design, fabrication, manufacture, assembly,    distribution,    lease and/or sale of the subject Bosch table saw and plastic push stick;

(x)  failing to timely institute a recall and/or inspection program to determine the existence and/or degree of product defect;

(y)  failing to timely or properly recall, repair or modify the subject Bosch table saw and plastic push stick to remedy defective or inadequate conditions, components or assemblies of same;

(z)  improperly designing the subject Bosch table saw such that there was access to unguarded moving parts;

(aa)  failing to use competent personnel, agents, servants, workmen, employees, contractors and/or subcontractors to design, fabricate, manufacture, install and assemble the subject Bosch table saw and plastic push  stick and/or its assembly and/or its components;

(bb)  failing to maintain proper and adequate quality control or  assurance procedures, inspections and/or monitoring in regard to    the    design, development, manufacture, assembly, installation, distribution, lease or sale of the subject Bosch table saw and plastic push stick and/or its components;

(cc)  failing to properly and adequately warn Plaintiff of the dangers of the defective subject Bosch table saw and plastic push stick which Defendant knew or in the exercise of due care should have known existed;

(dd)  failing to timely or properly advise or notify foreseeable users of  the subject Bosch table saw and plastic push stick not to use same under certain circumstances and conditions;

(ee)  failing to notify customers or users of the subject Bosch table saw and plastic push stick that same is dangerous and to expect hazards such as were involved in Plaintiff's incident;

(ff)  failing to comply with industry, local, state and/or federal  standards, regulations, rules, ordinances and/or statutes concerning    or pertinent to the design, manufacture, assembly, sale, lease    and/or distribution of said Bosch table saw and plastic push stick and its  component  parts under the circumstances;

(gg)  such other acts of negligence, carelessness, and/or recklessness as  may be adduced through discovery; and

(hh)  doing any or all of the foregoing acts or omissions and subjecting Plaintiff to a substantially increased risk of harm.

12.     As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system,  including, but not limited to: nerve and ligament damage to right hand/wrist requiring surgery, serious and severe scarring of the right hand, limited motion of the right hand/wrist, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

13.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

14.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

15.     As a further result of the said accident, Plaintiff has incurred medical expenses, including medical bills that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

16.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

17.    As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

WHEREFORE, Plaintiff, Ronald DiCola, demands judgment in his favor and against Defendant, Robert Bosch Tool Corporation, for compensatory damages in excess of fifty-thousand dollars ($50,000) together with interest and costs of suit.

## COUNT II – STRICT LIABILITY
## RONALD DICOLA V. ROBERT BOSCH TOOL CORPORATION

18.    Plaintiff, incorporates herein, by reference thereto, all previous paragraphs as though same were set forth at length herein.

19.    The subject Bosch table saw with plastic push sticks model # GTS 1031 was defective and in an unsafe condition when it left control of Defendant and was unsafe for its reasonably foreseeable and intended uses.

20.    The subject Bosch table saw with plastic push sticks model # GTS 1031was not equipped with every element necessary to make it safe for its reasonably foreseeable and intended uses when sold by Defendant.

21.    The subject Bosch table saw with plastic push sticks model # GTS 1031was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania law and Section 402A of the Restatement (Second) of Torts.

22.    The subject Bosch table saw with plastic push sticks model # GTS 1031was in a defective and unsafe condition because it was not equipped with guarding and/or other physical barrier safety devises that prevent access to the moving parts of the machine.

23.    The subject Bosch table saw with plastic push sticks model #GTS 1031 was not equipped with every element necessary to make it safe for its reasonably foreseeable and intended uses when placed into the stream of commerce by Defendant and sold to Plaintiff's brother.

24.     As a direct and proximate result of the defective condition of the subject Bosch table saw with plastic push sticks model #GTS 1031, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not limited to: nerve and ligament damage to right hand/wrist requiring surgery, serious and severe scarring of the right hand, limited motion of the right hand/wrist, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

25.     As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

26.     As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

27.     As a further result of the said accident, Plaintiff has incurred medical expenses, including medical bills that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

28.     As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

29.     As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Ronald DiCola, demands judgment in his favor and against Defendant, Robert Bosch Tool Corporation, for compensatory damages in excess of fifty-thousand dollars ($50,000) together with interest and costs of suit.

**J. FINE LAW GROUP, P.C.**

BY:   */s/ Jasone E. Fine*
      JASON E. FINE, ESQUIRE
      MICHELLE MALL, ESQUIRE
      Attorneys for Plaintiff

Dated:  February 20, 2020

Case ID: 191101427

## **VERIFICATION**

I, Jason E. Fine, Esquire, hereby verify that I am counsel for plaintiff, and herein states that the statements in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   I am making this Verification on behalf of plaintiff.   I acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

/s/ Jason E. Fine
JASON E. FINE, ESQUIRE



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *DICOLA* | *November Term 2019* |
| *VS* | *No. 01427* |
| *ROBERT BOSCH TOOL CORPORATION* | |

*CASE MANAGEMENT ORDER*
*COMPLEX TRACK*

DOCKETED
TRIAL  DIVISION  -  CIVIL
21-FEB-2020
**E. ORVIK**

AND NOW, 21-FEB-2020 , it is Ordered that:

1.  The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order.

2.  All *discovery* on the above matter shall be completed not later than *07-JUN-2021.*

3.  *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *05-JUL-2021.*

4.  *Defendant and any additional defendants* shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than *02-AUG-2021.*

5.  All *pre-trial motions* shall be filed not later than *02-AUG-2021.*

6.  A *settlement conference* may be scheduled at any time after *06-SEP-2021.*  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a).  A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b).  A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c).  Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.  A *pre-trial conference* will be scheduled any time after *01-NOV-2021.*  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).    A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address.  Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference.  Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.    *It is expected that the case will be ready for trial 06-DEC-2021*, and counsel should anticipate trial to begin expeditiously thereafter.

9.    All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

                    *BY THE COURT:*


                    _____
                    *DANIEL ANDERS, J.*
                    *TEAM LEADER*

\\EKO47209 (Rev 11/04)

# EXHIBIT D

**FILED**
20 FEB 2020 04:13 pm
Civil Administration
S. ESPOSITO

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
Michelle Mall, Esquire
Attorney ID#: 318100
Eight Penn Center
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
michelle@jfinelaw.com

Attorney for Plaintiff,
Ron DiCola

| | |
|---|---|
| **RONALD DICOLA** | COURT OF COMMON PLEAS |
|            Plaintiff, | PHILADELPHIA COUNTY |
|    v. | |
| | NO.: 191101427 |
| **ROBERT BOSCH TOOL CORPORATION** | |
|            Defendant. | |

**CASE MANAGEMENT CONFERENCE MEMORANDUM**

**PART A**
(To be completed in Personal Injury Cases)

Filing party: Plaintiff, Ronald Dicola

By: Jason Fine, Esq.
Michelle Mall, Esq.

Counsel's Address (IMPORTANT)

1628 JFK Boulevard,
Suite 2120
Philadelphia, PA 19103

1.    Date of accident or occurrence:        November 13, 2017

    (a).  Age of Plaintiff(s):        64 years old

2.    Most serious injuries sustained:

Flexor tendon rupture of right hand, injury of palmar artery of right hand, carpal tunnel syndrome

3.    Is there any permanent injury claimed:       __X__ Yes   ____ No

If yes, indicate the type of permanent injury:    See above injuries

4.    Dates of medical treatment:    11/13/17-12/12/18

5.    Is medical treatment continuing?                    _____ Yes        _X_ No

6.    Has there been an inpatient hospitalization?        _X_ Yes            _____ No

7.    Has there been any surgery                           Yes.

8.    Approximate medical bills to date?    $87,928.38

       Approximate medical bills recoverable in this case:  All

9.    Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?
                                                            _____ Yes   _X_ No

       If yes, what type and approximate amount?        N/A

10.    Time lost form work:                               No wage loss claim at this time.

11.    Approximate past wage loss:                        N/A

12.    Is there a claim for future lost earning capacity?    _____ Yes    _____ No
                                                             TBD

       If yes, approximate future lost earning capacity:    TBD

13.    Are there any related cases or claims pending?      _____ Yes    _X_ No
        If so, list captions(s) or other appropriate identifier:

14.    Do you anticipate joining additional parties?       _____ Yes    _X_ No

15.    Plaintiff's factual position as to liability:

       On or about November 13, 2017, Plaintiff, Ronald Dicola, was pushing wood with the
       plastic push stick through the table saw. As Plaintiff was pushing the wood through the
       table saw, the plastic push stick hit the table saws blade causing the plastic push stick to
       shatter causing plaintiff to sustain serious and permanent injuries.

16.    Defense factual position as to liability:          Defendant is left to their proof.

17.    Defense position as to causation of injuries alleged: Defendant is left to their proof.

18.    Identify all applicable insurance coverage:

Defendant:
All Defendants

Insurance Carrier:
See Defense Memo

Coverage Limits:
See Defense Memo

Are there issues as the applicability of the
above insurance coverage:

_____ Yes  __X__ No

19.  Demand: $800,000        Offer: $0.00